**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>BLUBERI GAMING TECHNOLOGIES INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 16-05364<br><br>Honorable Timothy A. Barnes<br><br>(Jointly Administered) |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on **Tuesday, July 11, 2017 at 10:00 am CT** or as soon thereafter as counsel may be heard, we will appear before the Honorable Timothy A. Barnes, in Courtroom 744, at 219 S. Dearborn St., Chicago, Illinois, and shall then and there present the *Bluberi Gaming Technologies Inc.'s Final Report and Motion to Close Chapter 15 Cases* (the "Motion"), a copy of which is hereby served upon you.

Dated:  June 2, 2017
          Chicago, Illinois

Respectfully submitted,

**DENTONS US LLP**

*/s/ Patrick C. Maxcy*
Patrick C. Maxcy
233 South Wacker Drive
Suite 5900
Chicago, Illinois 60606
Tel:  (312) 876-8000
Fax:  (312) 876-6800
Email: patrick.maxcy@dentons.com

*Counsel for the Petitioner*

---

[1] The Debtors in this Chapter 15 proceeding and the last four digits of each Debtor's U.S. tax identification number are as follows: Bluberi Gaming Technologies Inc. (9150), Bluberi Group Inc. (5089), and Bluberi USA, Inc. (7934). The Debtors' headquarters are located at 310-2120 Rue Letendre, Drummondville, Québec J2C 7E9 Canada. Bluberi USA, Inc. maintains a post office box located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

1

## **CERTIFICATE OF SERVICE**

I, Patrick C. Maxcy, hereby certify that on June 2, 2017, I caused a true and correct copy of *Bluberi Gaming Technologies Inc.'s Final Report and Motion to Close Chapter 15 Cases* to be electronically filed with the Clerk of the Court using the ECF system which will send notification of such filing to the parties listed on the attached ECF Service List.  I further certify that on June 2, 2017, a copy of the forgoing was served by U.S. First Class Mail upon the parties listed on the attached U.S. Mail Service List.

Dated:  June 2, 2017

*/s/ Patrick C. Maxcy*
Patrick C. Maxcy
233 South Wacker Drive
Suite 5900
Chicago, Illinois 60606
Tel:  (312) 876-8000
Fax:  (312) 876-6800
Email: patrick.maxcy@dentons.com

*Counsel for the Petitioner*

## ECF Service List

| | |
|---|---|
| **Gregory J. Guest** | gguest@dickinsonwright.com |
| **Michael C. Hammer** | mchammer2@dickinsonwright.com |
| **Richard F. Holley** | rholley@nevadafirm.com, oswibies@nevadafirm.com |
| **Patrick S. Layng** | USTPRegion11.ES.ECF@usdoj.gov |
| **Patrick C. Maxcy** | patrick.maxcy@dentons.com, NDIL_ECF@dentons.com |
| **Kevin H. Morse** | khmorse@arnstein.com |
| **Nancy A. Peterman** | petermann@gtlaw.com; ChiBkyDocket@gtlaw.com; greenbergc@gtlaw.com |
| **Doron Yitzchaki** | dyitzchaki@dickinson-wright.com |

## U.S. Mail Service List

Superior Court - Commercial Div
Province of Quebec, District of
Montreal
1, Rue Notre-Dame Est
Montreal, Quebec H2Y 1B6 Canada

Gerald Duhamel
Bluberi Gaming Technologies
310-2120 Rue Letendre
Drummondville, Quebec J2C 7E9
Canada

Joseph Reynaud
Atty for the Monitor
Stikeman Elliott
1155, boul. Rene-Levesque Ouest,
40e etage
Montreal, QC, Canada H3B 3V2

American Gaming Systems
6680 Amelia Earhart Court
Las Vegas, NV 89119

Bernard Boucher
Atty for American Gaming Systems
Blake, Cassels & Graydon
1 Place Ville-Marie
Bureau 3000
Montreal, QC H3B 4N8

F. Thomas Edwards
Richard F. Holley
Attys for American Gaming Systems
Holley Driggs Walch
400 South Forth St., Suite 300
Las Vegas, NV 89101

Cole Kepro International
Andrew Cashin, CFO
4170-103 Distribution Circle
North Las Vegas, NV 89030

BMM North America, Inc
Travis Foley, Executive VP
815 Pilot Road, Suite G
Las Vegas, NV 89119

Patrick S. Layng
Office of the US Trustee
Region 11
219 S. Dearborn, Suite 873
Chicago, IL 60604

Callidus Capital Corporation
181 Bay St, #4620
Toronto, Ontario, M5J 2T3

Francois Viau
Atty for Callidus Capital Corp
Gowlings Lafleur Henderson
3700-1 Place Ville Marie
Montreal, Quebec H3B 3P4

International Gaming Technology
6355 South Buffalo Dr
Las Vegas, NV 89113

Elite Gaming Technology
310 Windy Point Drive
Glendale Heights, IL 60139

James M. McCarthy
Atty for Elite Gaming Technology
McDonnell Boehnen Hubert
300 S. Wacker
Chicago, IL 60606

Primero Games LLC
c/o Mark E. Jefferson
2150 North Mont Parkway, Suite H
Duluth, GA 30096

Danick Potvin
Guertin, Societe D'Avocats
1802 rue King Ouest
Bureau 240
Sherbrooke QC J1J 0A2

Martin Rosenthal
Ernst & Young
800, boulevard Rene-Levesque
Ouest
Bureau 1900
Montreal QC H3B 1X9

Doreen Peters
Banque de Montreal
105 Rue Saint-Jacques
3eme etage
Montreal QC H2Y 1L6

Marco Vitale
10217 boul. Pie-IX
Bureau 201
Montreal-Nord QC H1H 3Z1

Gregory J. Guest
Atty for Callidus Capital Corp
Dickinson Wright
200 Ottawa Ave., N.W., Suite 1000
Grand Rapids, MI 49503

Nancy A. Peterman
Atty for American Gaming Systems
Greenberg Traurig
77 West Wacker Drive, Suite 3100
Chicago, IL 60601

Eugene J. Geekie, Jr.
Atty for Callidus Capital Corp
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606

Kevin H. Morse
Atty for Callidus Capital Corp
Arnstein & Lehr LLP
120 South Riverside Plaza
Suite 1200
Chicago, IL 60606

Michael C. Hammer
Atty for Callidus Capital Corp
Dickinson Wright
350 S. Main
Ann Arbor, MI 48104

4

103257993\V-2

| | | |
|---|---|---|
| Poarch Band of Creek Indians<br>5825 Hwy 21<br>Atmore, AL  36502 | Campo Tribal Gaming Commission<br>1800 Golden Acorn Way<br>Campo, CA  91906 | Dry Creek Gaming Commission<br>1550 Airport Blvd, Suite 120<br>Santa Rosa, CA  95403 |
| Morongo Gaming Agency<br>49500 Seminole Dr<br>Cabazon, CA  92230 | Pala Gaming Commission<br>35008 Pala Temecula Rd<br>Pala, CA  92059 | San Pasqual<br>TCG<br>16300 Nyemii Pass Rd<br>Valley Center, CA  92082 |
| Yocha Dehe Tribal Gaming Agency - CL2<br>14455 Hwy 16<br>Brooks, CA  95606 | Florida (DBPR)<br>1940 N. Monroe St<br>Tallahassee, FL 32399-1037 | Miccosukee Tribe of Indians<br>Mile Marker 70<br>Miami, FL  33194 |
| Winnebago Gaming Commission<br>1503 330th St<br>Sloan, Iowa  51055 | Jena Band of Choctaw Gaming Commission<br>149 Chahta Trails<br>Dry Prong, LA  71423 | Confederated Salish & Kootenai<br>PO Box 278<br>Pablo, MT  59855 |
| Seneca Gaming Authority - CL2<br>345 Third St<br>Niagara Falls, NY  14303 | Seneca Gaming Authority - CL3<br>345 Third St<br>Niagara Falls, NY  14303 | St. Regis Mohawk Cll<br>PO Box 1119<br>Akwesasn, NY  13655 |
| Chickasaw Tribe<br>PMB 228<br>Ada, OK  74820 | Citizen Potawatomi Nation<br>1601 S. Gordon Cooper Dr<br>Shawnee, OK  74801 | Eastern Shawnee Tribe of Oklahoma<br>12751 S. 705 Rd<br>Wyandotte, OK  74370 |
| Wichita and Affiliated Tribes<br>121 West Main<br>Anadarko, OK  73005 | CTCLUSI Gaming Commission<br>5647 Hwy 126<br>Florence, OR  97439 | Confederated Tribes of Chehalis<br>12888 188th Ave SW<br>Rochester, WA  98579 |
| Confederated Tribes of Colville<br>729 Jackson St<br>Omak, WA  98841 | Jamestown Klaliam Tribe<br>270756 Highway 101<br>Sequim, Washington  98382 | Kalispel Tribe of Indians<br>100 N. Hayford Rd<br>Airway Heights, WA  99001 |
| Lummi Nation<br>4876 Haxton Way<br>Ferndale, WA  98248 | Muckleshoot Tribe<br>2700 Auburn Way South<br>Auburn, WA  98002 | Port Gamble S-Klallam<br>7989 Salish Lane NE<br>Kingston, WA  98346 |

Puyallup Tribe of Indians
5580-C1 Pacific Hwy East
Fife, WA  98424

Shoalwater Bay Indian Tribe
PO Box 130
Tokeland, WA  98590

Snoqualmie
37500 SE North Bend Way
Snoqualmie, WA  98065

Squaxin Island Tribe
91 W State Route 108
Shelton, WA 98592

Stillaguamish Tribe of Indians
3322 236th St NE
Arlington, WA  98223

Suquamish Tribe
18460 Augusta Ave
Suquamish, QA  98392

Tulalip Tribe
10200 Quil Ceda Blvd
Tulalip, WA  98271

Confederated Tribes and Bands of Yakama Indians
580 Fort Rd
Toppenish, WA  98948

Ho-Chunk Nation Gaming Commission
W9814 Airport Rd
Black River Falls, WI  54615

MTS Internal Technologies LLC
18200 NW 27th Ave
Units 66 and 69
Miami Gardens, FL  33056

Casino du Port Bd de la Liberation
BP 3872
Dakar, Senegal, Africa

DDJsa
Centre Commercial Sea Plaza Corniche
Quest  BP 1644
Dakar Centre
Dakar, Senegal, Africa

Swinomish Indian Tribal Community
12885 Casino Dr
Anacortes, WA  98221

Doron Yitzchaki
Dickinson Wright
350 S. Main Street
Ann Arbor, MI  48104-2131

Mark Jefferson
9329-9139 Quebec Inc
575 rue des Ecoles
Building 9
Drummondville QC  J2B 1Jb

Nicholas Scheid
Scheib Legal - Etude Legale
600, boul. De Maisonneuve Quest
Bureau 1700
Montreal QC H3A 3J2

Joseph Pernica
Pernica Advisory Services
38 Shalimar Blvd
Toronto ON M6C 2J9

Gerald Kandestin
Jeremy Cuttler
Kugler Kandestin
1 Place Ville-Marie
Bureau 2101
Montreal, QC H3B 2C6

Denis Bouchard
Deveau Avocats
2540, boul. Daniel-Johnson
Bureau 400
Laval QC H7T 2S3

Caroline Bolduc
Commission Des Normes
400, boul. Jean-Lesale Hall est
7 etage
Quebec, Quebec G1K 8W1

Chantal Comtois
Ministere De La Justsice Canada
200, boul. Rene-Levesque Quest
Tour Est 9 e etage
Montreal, Quebec H2Z 1X4

6

103257993\V-2

| | | |
|---|---|---|
| Public Storage Washington<br>4041 124th Ave SE<br>Bellevue, WA 98006 | Carmichael Climate Storage<br>4245 Carmichael Rd<br>Montgomery, AL 36106 | Insurance Broker: EGR<br>121 rue Heriot<br>Drummondville J2c1J5<br>Canada |
| The Hartford<br>PO Box 660916<br>Dallas, TX 75266-0916 | Multitech Games USA<br>6959 NW 82 Avenue<br>Medley, FL 33166 | MTS International Technologies<br>Call 23 A BLQ<br>A1#22 Colinas de Monte Carlos<br>San Juan, Puerto Rico 00924 |
| WMS Gaming<br>800 S. Nortpoint Blvd<br>Waukegan, IL 60085 | EJM Spencer Helm Properties<br>9061 Santa Monica Blvd<br>Los Angeles, CA 90069 | PSM US LLP<br>1455 Frazee Rd<br>San Diego, CA 92108 |
| Clair Rogers<br>332 Summer Palace Way<br>Las Vegas, NV 89144 | Brad Johnson<br>7803 Lenape Trail<br>Austin, TX 78736 | Mcgladrey-Williams<br>1455 Frazee Rd<br>San Diego, CA 92108 |

103257993\V-2

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re<br><br>BLUBERI GAMING TECHNOLOGIES INC., *et al.*,[1]<br><br>Debtors in a Foreign Proceeding. | Chapter 15<br><br>Case No. 16-05364<br><br>Honorable Timothy A. Barnes<br>**Obj. Deadline: July 3, 2017**<br>**Hearing: July 11, 2017 at 10:00 a.m**.<br><br>(Jointly Administered) |

**BLUBERI GAMING TECHNOLOGIES INC.'S FINAL REPORT AND MOTION TO CLOSE CHAPTER 15 CASES**

Bluberi Gaming Technologies Inc. ("Bluberi Gaming Technologies"), in its capacity as the appointed and the duly authorized foreign representative (in such capacity, the "Petitioner") for the above-captioned debtors (collectively, "Bluberi" or the "Debtors"[2]) in an insolvency proceeding under Canada's *Companies' Creditors Arrangement Act* (R.S.C. 1985, c. C-36), pending before the Superior Court – Commercial Division, Province of Québec, District of Montréal (the "Canadian Court"), File No. 500-11-049737-154 (the "Canadian Proceeding"), by and through its US counsel, Dentons US LLP, files this final report with respect to the Debtors' cases (the "Cases") (the "Final Report") and moves pursuant to Sections 350(a) and 1517(d) of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and Rule

---

[1] The Debtors in this Chapter 15 proceeding and the last four digits of each Debtor's U.S. tax identification number are as follows: Bluberi Gaming Technologies Inc. (9150), Bluberi Group Inc. (5089), and Bluberi USA, Inc. (7934). The Debtors' headquarters are located at 310-2120 Rue Letendre, Drummondville, Québec J2C 7E9 Canada. Bluberi USA, Inc. maintains a post office box located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

[2] Each of the Debtors' names and goodwill were sold pursuant to the APA described below. Following the closing of the APA, Bluberi Gaming Technologies was formally registered as 9354-9186 Quebec Inc. and Bluberi Group Inc. was formally registered as 9354-9178 Quebec Inc. For purposes of the final report and motion to close the Cases, each of the Debtors is referred to herein by its former name.

1

5009(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of an order closing the Debtors' chapter 15 cases (the "Motion") filed in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"). In support thereof, Bluberi respectfully represents as follows:

### Jurisdiction and Venue

1.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, and section 1501 of the Bankruptcy Code. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2.  The statutory predicates for the relief sought herein are sections 350(a) and 1517(d) of the Bankruptcy Code, and Bankruptcy Rule 5009(c).

### Final Report

**A.    Commencement of Chapter 15 Case**

3.  On February 18, 2016, Bluberi, as authorized foreign representative, commenced these Cases by filing, among other things, verified chapter 15 petitions seeking recognition by the Court of the Canadian Proceeding as a foreign main proceeding under chapter 15 of the Bankruptcy Code (collectively, the "Verified Petition and Motion").

4.  On February 22, 2016, the initial hearing took place regarding the Verified Petition and Motion. At the conclusion of the hearing, the Court entered the *Provisional Order Under Chapter 15* [Docket No. 38] (the "Provisional Order"), providing for, among other things, a stay of all proceedings against or concerning property of the Debtors located within the territorial jurisdiction of the United States.

5.  On March 15, 2016, the Court entered the *Final Order Granting Recognition of Canadian Proceeding Under Chapter 15 and Related Relief* [Docket No. 57] (the "Recognition

2

Order"). Pursuant to the Recognition Order, the Court (a) granted recognition of the Canadian Proceeding as a foreign main proceeding under section 1517 of the Bankruptcy Code, (b) recognized and extended comity to the Sale Solicitation Process, and (c) enforced in full the Provisional Order on a permanent basis in the United States.

6. Bluberi—comprised of Bluberi Gaming Technologies, the Canadian gaming company, Bluberi USA Inc. the corporation incorporated to transact with customers in the United States, and Bluberi Group Inc., the holding company and sole shareholder of both Bluberi Gaming Technologies and Bluberi USA Inc.—constitutes a fully integrated company specializing in the development, sale and deployment of electronic gaming machines.

7. Bluberi filed the Canadian Proceeding on November 12, 2015 after, among other things, Bluberi's financial condition declined in the second half of 2015 and it was unable to reach an agreement on relaxation of lending terms with Callidus Capital Corporation ("Callidus"), Bluberi's principal secured creditor. Ernst & Young Inc. (the "Monitor") was appointed as the monitor in the CCAA Proceeding. On December 15, 2015, the Canadian Court appointed Joseph Pernica of Pernica Advisory Services Inc. as the Debtors Chief Restructuring Officer (the "CRO").

**B.    The Asset Purchase Agreement and Sale**

8. On January 28, 2016, the Canadian Court approved Bluberi's *Application for Approval of a Sale Solicitation Process,* pursuant to which Bluberi sought to divest itself of all of its movable and immovable assets, rights and undertakings (the "Sale Solicitation Process").

9. The Sale Solicitation Process was carried out by the Monitor, with the assistance of the CRO and Bluberi, in February and March, 2016. At the conclusion of the Sale Solicitation Process, the Monitor recommended that the purchase offer of Callidus (the "Callidus Offer") be

3

pursued by Bluberi, and Bluberi accepted the Monitor's recommendation. The Callidus Offer proposed to purchase substantially all Bluberi's assets in the form of a credit bid representing the entirety of its secured debt (minus $3 million). Following the Monitor's recommendation, Bluberi and Callidus, with the assistance of the Monitor, negotiated an asset purchase agreement (the "APA") that was finalized and signed on June 13, 2016.

10. On June 15, 2016, Bluberi filed its *Application for the Issuance of an Approval and Vesting Order and for Extension of the Stay of Proceedings* in the Canadian Proceeding seeking approval of the APA and an extension of the Stay Period until October 28, 2016.

11. On June 22, 2016, the Canadian Court entered a vesting order, (the "Callidus Vesting Order")pursuant to which the Canadian Court authorized and approved the sale of the "Purchased Assets" free and clear of all "Claims" to Callidus and its designated purchasers (collectively, the "Purchasers") as set forth in the APA.

12. On December 7, 2016, Bluberi and Primero Games, LLC ("Primero"), with the intervention of BGT III Canada Inc. and BGT III Inc. (collectively, "BGT III"), entered into an Asset Purchase and License Agreement and related Services Agreement (the "Primero Agreement") which was approved in the CCAA Proceeding on December 22, 2016. The Primero Agreement modified the APA to provide for a sale of certain assets to Primero that would have otherwise have been among the Purchased Assets conveyed to Purchasers under the APA. The proceeds from the Primero Agreement were ultimately transferred to the Purchasers upon the closing of the APA.

13. On December 22, 2016, Bluberi filed in the Court a motion to recognize and enforce the Callidus Vesting Order and to authorize the sale of the Debtors' assets free and clear

of all liens and interests pursuant to the APA, as modified by the Primero Agreement. [Dkt. No. 123] (the "U.S. Sale Recognition Motion").

14. On January 23, 2017, this Court entered an order granting the U.S. Sale Recognition Motion [Dkt. Nos. 141].[3]

15. On February 6, 2017, the Callidus Vesting Order became effective upon the issuance of the Monitor's Certificate, attached as Schedule A to the Callidus Vesting Order. Upon the closing of the APA and issuance of the Monitor's Certificate, all operations of Bluberi were transferred to the Purchasers.

16. On February 8, 2017, Bluberi Gaming Technologies Inc. changed its name and is now known and formally registered as 9354-9186 Quebec Inc. ("Former BGTI"), and Bluberi Group Inc. changed its name and is now known and formally registered as 9354-9178 Quebec Inc. ("Former BGI"). All filings and pleadings in the Canadian Proceeding reflect the change in name and registration of Former BGTI and Former BGI.

17. On February 13, 2017, Former BGI and Former BGTI filed an application in the Canadian Proceeding for the issuance of an order extending the stay of proceedings to May 17, 2017 and for discharge of the CRO. The extension of the stay period was requested in order to allow Former BGI and Former BGTI and the Monitor to complete the remaining components of the APA post-closing items and to ensure a proper transition from Bluberi to Purchasers.

18. On February 15, 2017, the Canadian Court issued an order pursuant to which, *inter alia*, (a) as regards Bluberi USA Inc. only, the CCAA Proceedings were terminated, the administrative charge was released and the appointment of Ernst & Young Inc. as monitor was terminated; (b) as regards all Bluberi entities, the appointment of Pernica Advisory Services Inc.

---

[3] Simultaneously, as described below, the Court entered an order recognizing and enforcing Limited Claims Procedure Order approved by the Canadian Court.

5

and Joseph Pernica as CRO was terminated; and (c) as regards Former BGI and Former BGTI, which remain under CCAA protection to this day, the stay of proceedings in the Canadian Proceedings was extended until May 11, 2017

19. On May 9, 2017, Former BGI and Former BGTI filed an application in the Canadian Proceeding to extend the stay of proceedings to August 31, 2017, to, among other things, allow time to conclude a plan for pursuit of so-called "Retained Claims," which include claims that were preserved in the APA for the benefit of Former BGI and Former BGTI against certain entities, including Callidus. On May 25, 2017, the Canadian Court issued an order extending the stay of proceedings in the Canadian Proceedings until September 6, 2017.

**C.     Adversary Proceedings, Contested Matters and Motions in Chapter 15 Proceeding**

20. On August 4, 2016, the Court entered an order denying [Docket No. 112] *AGS LLC's Motion to Compel Performance of Bluberi Gaming Technologies Inc. Pursuant to 11 U.S.C. § 365(n)(4)* [Docket No. 60] ("AGS's Motion to Compel").

21. On August 18, 2016, AGS filed an appeal of the order denying AGS's Motion to Compel to the U.S. District Court for the Northern District of Illinois (the "District Court") (Case No. 16-8204).

22. At a status hearing held October 20, 2016, AGS advised the District Court that the parties had reached a settlement. The District Court then entered a minute order [Case No. 16-8204, Docket No. 15] dismissing the appeal without prejudice and allowing leave to reinstate on or before December 20, 2016 if settlement was not effectuated. On January 18, 2017, the District Court entered an order dismissing the appeal with prejudice.

23. Other than this final report and motion to close these Chapter 15 Cases, no other motions or adversary proceedings are currently pending in the Cases.

6

**D.     The Limited Priority Claims Procedure**

24.    The signed APA reflects the intention to pay claims ranking in priority to the security held by Callidus based on applicable Canadian law (the "Priority Claims").

25.    On June 23, 2016, the Canadian Court entered a Limited Priority Claims Procedure Order which, among other things, (i) ordered that holders of Priority Claims to file a Proof of Priority Claim Form and deliver it to the Monitor no later than August 12, 2016 at 5:00 p.m. (Montreal time) ("the Priority Claims Bar Date"), (ii) ordered that any holder of a Priority Claim who did not file a completed and executed Proof of Priority Claim Form by the Priority Claims Bar Date shall be forever barred from asserting such Priority Claim against the Petitioners and such Priority Claim shall be forever extinguished, and (iii) ordered the Monitor to, in consultation with the Petitioners and Callidus, review the completed and executed Proof of Priority Claim Forms to determine the validity of the Priority Claims and notify any holders of Priority Claims that the Monitor determines should be revised or disallowed.

26.    On January 23, 2017, this Court entered an order recognizing and enforcing the Limited Priority Claims Procedure Order. [Dkt. 142].

27.    The limited claims process was completed and, as of January 14, 2017, total Priority Claims of approximately CAD $393,480.00 were accepted by the Monitor.

28.    On February 3, 2017, Bluberi filed in the Canadian Proceeding an amended application for an order authorizing the payment of certain Priority Claims. On February 9, 2017, the Canadian Court entered an order authorizing payment of certain Priority Claims.

29.    Since February 9, 2017, the Monitor and Bluberi have issued distributions to the holders of the accepted Priority Claims. The distribution to holders of Priority Claims is

7

described in the Eleventh Report of the Monitor dated February 14, 2017, a copy of which is attached hereto as **Exhibit A**.

### Requested Relief

30. By this Motion, Bluberi seeks entry of an order substantially in the form attached hereto, finding these Cases are fully administered and closing these Cases without prejudice, pursuant to sections 350(a) and 1517(d) of the Bankruptcy Code, and Bankruptcy Rule 5009(c).

### Basis for Relief

31. Section 1517(d) of the Bankruptcy Code provides that "[a] case under this chapter [15] may be closed in the manner prescribed under section 350." 11 U.S.C. § 1517(d). Pursuant to section 350 of the Bankruptcy Code, a bankruptcy case may be closed "[a]fter an estate is fully administered." 11 U.S.C. § 350(a).

32. A chapter 15 case has no "estate" per se. *See In re Fairfield Sentry Ltd.*, 458 B.R. 665, 683 (S.D.N.Y. 2011). "Fully administered" means, at a minimum, that administrative claims have been provided for, and there are no outstanding motions, contested matters or adversary proceedings. *In re Kliegl Brothers*, 238 B.R. 531 (Bankr. E.D.N.Y. 1999). A party may apply for an order closing a bankruptcy case after substantially all of the issues have been resolved and the plan has been substantially consummated. *In re A.H. Robins, Co., Inc.*, 219 B.R. 145 (10th Cir. 1998). If no objection to the final report is filed, the estate is presumed to have been fully administered and may be closed. *In re Ginsberg*, 164 B.R. 870, 873 (Bankr. S.D.N.Y. 1994). The intended meaning of section 1517(d) of the Bankruptcy Code is clear: once the need for a chapter 15 case no longer exists, the case may be closed.

33. Here, there are no outstanding motions, contested matters or adversary proceedings, all administrative claims have been provided for, and the Debtors have no United

States' assets to be administered and the Debtors' creditors in the United States have been informed to assert any and all claims in the Canadian Proceeding. Therefore, the requirements of section 350(a) of the Bankruptcy Code have been met. For this reason, Bluberi has determined that these Chapter 15 Cases have been fully administered as it no longer required the protections afforded by chapter 15 of the Bankruptcy Code in order to complete the administration of the Canadian Proceeding.

34. Further, Bankruptcy Rule 5009(c) provides that a foreign representative shall:

> file a final report when the purpose of the representative's appearance in the court is completed. The report shall describe the nature and results of the representative's activities in the court. The foreign representative shall transmit the report to the United States trustee, and give notice of its filing to the debtor, all persons or bodies authorized to administer foreign proceedings of the debtor, all parties to litigation pending in the United States in which the debtor was a party at the time of the filing of the petition, and such other entities as the court may direct. The foreign representative shall file a certificate with the court that notice has been given. If no objection has been filed by the United States trustee or a party in interest within 30 days after the certificate is filed, there shall be a presumption that the case has been fully administered.

Fed. R. Bank. Pro. 5009(c).

35. In accordance with the provisions of Bankruptcy Rule 5009(c), the Final Report set forth herein describes Bluberi's activities in the Chapter 15 Case.

36. If no objection to the Motion are filed, the lack of objection necessarily creates a presumption that the case has been fully administered under Bankruptcy Rule 5009(c). Further, in the unlikely event that objections are filed, Bluberi submits that the facts as set forth in the Final Report demonstrate that these Chapter 15 Cases have been fully administered.

**Notice**

37.     Bluberi has provided notice of this Motion to the entities on the Service Lists contained in the Certificate of Service. Bluberi submits that, in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

WHEREFORE, Bluberi respectfully requests that this Court enter an order closing these Chapter 15 Cases and grant such other relief as is just and proper.


Dated:  June 2, 2017
         Chicago, Illinois                              Respectfully submitted,

                                                        **DENTONS US LLP**

                                                        */s/ Patrick C. Maxcy*
                                                        Patrick C. Maxcy
                                                        233 South Wacker Drive
                                                        Suite 5900
                                                        Chicago, Illinois 60606
                                                        Tel:  (312) 876-8000
                                                        Fax:  (312) 876-6800
                                                        Email: patrick.maxcy@dentons.com

                                                        *Counsel for the Petitioner*